O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY GRAHAM TOWNS SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> B.M. CASH, WARDEN, ET AL., ) <br> ) <br> Defendants. ) | CASE NO. ED CV 14-2314 JVS (RZ) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

The *pro se*, *in forma pauperis* plaintiff is a state inmate. He claims that 16 prison employees were deliberately indifferent to his medical needs and violated other civil rights when they revoked or refused various medical accommodations or failed to uphold Plaintiff's administrative complaints. The Court will dismiss his civil rights complaint, with leave to amend, for several reasons discussed below, but principally because it (1) fails to provide any "short and plain" statement of any claim (and is well over 100 pages long), and (2) uses conclusory labels about Defendants' actions without factual allegations to support those labels.

///

///

///

///

# I.

## THE COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* FILINGS

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting, and including original emphasis from, *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that *Twombly* effectively required more definite pleading of evidentiary facts, as opposed to conclusions or boilerplate. A court weighing dismissal in a civil rights action must determine whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim that [defendants] deprived him of his clearly established constitutional rights[.]" *Id.* at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (citation omitted) (quoting *Twombly*, *supra*, 550 U.S. at 555, 557) (brackets as in *Iqbal*).

A *pro se* plaintiff's civil rights complaint must be construed liberally, and the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). A dismissal with leave to amend is a non-dispositive

matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.

## THE COMPLAINT IS FAR TOO LONG
## AND PROVIDES NO "SHORT AND PLAIN STATEMENT" OF ANY CLAIM

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)). To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. *See Bautista*, 216 F.3d at 840.

Here, the complaint is neither "short" nor "plain." Although it has over 100 pages, the exact number is difficult to ascertain, for Plaintiff improperly resets the page numbers to 1 every time he begins discussing another of his nine claims. Those claims appear to assert the following rights:

**Claims 1-5, 8:** **Deliberate indifference to serious medical needs (Eighth Amendment)** by various groups of Defendants

**Claim 6:** **Retaliation (First Amendment)**

**Claim 7:** **Violation of the Americans with Disabilities Act**, although Plaintiff also cites deliberate medical indifference and violations of his Due Process and Equal Protection rights

**Claim 9:** **Violation of Cal. Gov't Code 845.6 (failing to provide immediately-needed medical care)**

It is not the complaint's length *per se* that troubles the Court.  What is troubling is how much shorter the pleading could be while thereby gaining much clarity. The Court refers Plaintiff to the following admonitions of Circuit Judge Arthur Alarcón:

> . . . Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.
>
> . . .
>
> Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.
>
> **Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.** *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his

complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).

**The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes.** *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (**emphasis in bold added**).

What is a "short and plain" statement of a claim? The Ninth Circuit in *McHenry,* one of the cases cited by Circuit Judge Alarcón above, illustrated this by quoting from an official federal form, one for negligence, as follows:

The complaints in the official Appendix of Forms are dramatically short and plain. For example, the standard negligence complaint consists of three short paragraphs:

    1.    [Allegation of jurisdiction.]
    2.    On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a

> motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of _____ dollars and costs.

FED. R. CIV.P. Form 9. This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and understood in minutes.

*McHenry*, 84 F.3d at 1177. "By contrast," the *McHenry* court lamented, "the complaint in the case at bar is argumentative, prolix, replete with redundancy and largely irrelevant. It consists largely of immaterial background information." *Id*.

Just so here. For example, Plaintiff presents Claim 1 as follows, with the form complaint's text in {braces}:

> {The following civil right has been violated:}
> On: 3-21-2013, 11-8-2013, 5-19-2014, prison personnel violated plaintiff's Eighth Amendment Rights to be Free From cruel and unusual punishment guaranteed to the plaintiff by the Eighth Amendment of the United States Constitution by their actions of intentionally denying plaintiff access to adequate medical care, refusing to furnish proper medical care, medicines, diagnosis and treatments, [and] that as a result plaintiff has suffered aggravation and permanent injury to a pre-existing condition, and other

>    unnecessary physical harm, defendants' actions was [sic] without a legitimate
>    penological motivation or correctional goals, thus being deliberate indifferent
>    to (plaintiff's) a prisoner's serious medical needs, in violation of the Eighth
>    Amendment of the United States Constitution.

Plaintiff could and should have simply answered, "Deliberate medical indifference in violation of the Eighth Amendment." Less is sometimes more. This manner of pleading continues throughout the complaint. To avoid repetition of this kind of pleading, any First Amended Complaint (1AC) shall not exceed 30 consecutively numbered pages. (The 1AC may refer to the exhibits and other supporting materials that Plaintiff presented with the initial complaint, but Plaintiff shall not re-file any materials already on file.)

### III.
### THE COMPLAINT CONSISTS OF LEGAL CONCLUSIONS AND DATES WITHOUT UNDERLYING FACTUAL ALLEGATIONS IN SUPPORT

As noted above, when the Court reviews the sufficiency of a civil rights complaint, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim that [defendants] deprived him of his clearly established constitutional rights[.]" *Iqbal*, *supra*, 556 U.S. at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (citation omitted) (quoting *Twombly*, *supra*, 550 U.S. at 555, 557) (brackets as in *Iqbal*).

The complaint plainly fails the *Iqbal* test. Plaintiff presents little more than conclusory legal terms attached to a few names and dates. For example, after the above-quoted introduction to Claim 1 and a paragraph about his pre-existing conditions, Plaintiff continues the claim as follows:

     2.     Defendant Kirk A. Torres, M.D. on 11-8-2011 - 5-23-2013. Violated Plaintiff's rights to be Free From cruel and unusual punishment guaranteed to the Plaintiff by the United States Constitution by his actions of intentionally denying Plaintiff access to medical care, the Denial, Confiscation and discontinuation of Plaintiff's previously prescribed Health care appliances, intentionally, knowingly and maliciously inflicted physical injury, abuse and humiliation on Plaintiff, unnecessary and wanton infliction of pain, including injury and psychological and emotional distress, thus being deliberate indifference to a prisoner's (Plaintiff's) serious medical needs, depriving plaintiff of rights, adequate medical care and treatment, benefits and privileges secured by the United States Constitution.

The next paragraph simply moves on to discuss another defendant rather than explaining the above conclusions about Dr. Torres. Thus, entirely missing is any allegation of *just what actions or omissions by Dr. Torres* support a deliberate indifference claim or any other claim. (Plaintiff asserts similarly deficient allegations with respect to the other defendants.) This pleading-by-label continues throughout the complaint's many scores of pages in hundreds of similar wall-of-text paragraphs. Plaintiff repeatedly alleges that a given defendant discontinued or denied treatments (or failed to overrule others who did so) and sometimes alleges the date(s) on which this occurred. But he simply *concludes that* the defendants' actions were deliberately indifferent or were a form of improper retaliation. Similarly, in Claim 7, Plaintiff alleges that Dr. Torres violated Plaintiff's rights "by discontinuing ALL (on: 11-30-2011) of Plaintiff's medical necessity care," but Plaintiff fails to allege any facts from which one might conclude that Torres's discontinuation was wrongful, let alone knowingly so. In any amended complaint, Plaintiff must allege facts – preferably largely in chronological order – based upon which one reasonably could conclude that each defendant violated Plaintiff's civil rights.

///

    2.    Defendant Kirk A. Torres, M.D. on 11-8-2011 - 5-23-2013. Violated Plaintiff's rights to be Free From cruel and unusual punishment guaranteed to the Plaintiff by the United States Constitution by his actions of intentionally denying Plaintiff access to medical care, the Denial, Confiscation and discontinuation of Plaintiff's previously prescribed Health care appliances, intentionally, knowingly and maliciously inflicted physical injury, abuse and humiliation on Plaintiff, unnecessary and wanton infliction of pain, including injury and psychological and emotional distress, thus being deliberate indifference to a prisoner's (Plaintiff's) serious medical needs, depriving plaintiff of rights, adequate medical care and treatment, benefits and privileges secured by the United States Constitution.

The next paragraph simply moves on to discuss another defendant rather than explaining the above conclusions about Dr. Torres. Thus, entirely missing is any allegation of *just what actions or omissions by Dr. Torres* support a deliberate indifference claim or any other claim. (Plaintiff asserts similarly deficient allegations with respect to the other defendants.) This pleading-by-label continues throughout the complaint's many scores of pages in hundreds of similar wall-of-text paragraphs. Plaintiff repeatedly alleges that a given defendant discontinued or denied treatments (or failed to overrule others who did so) and sometimes alleges the date(s) on which this occurred. But he simply *concludes that* the defendants' actions were deliberately indifferent or were a form of improper retaliation. Similarly, in Claim 7, Plaintiff alleges that Dr. Torres violated Plaintiff's rights "by discontinuing ALL (on: 11-30-2011) of Plaintiff's medical necessity care," but Plaintiff fails to allege any facts from which one might conclude that Torres's discontinuation was wrongful, let alone knowingly so. In any amended complaint, Plaintiff must allege facts – preferably largely in chronological order – based upon which one reasonably could conclude that each defendant violated Plaintiff's civil rights.

///

# IV.
# OTHER INFIRMITIES MAY EXIST

The foregoing flaws may not be an exhaustive list. But the flaws already noted, particularly the long, repetitive and conclusory nature of the complaint, make it unreasonably difficult for the Court to screen for additional shortcomings.

# V.
# CONCLUSION

Based on the foregoing, the Court hereby DISMISSES the complaint, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order – including the 20-page length limitation, among others – and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: 12/12/2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE